**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ORICA EXPLOSIVES TECHNOLOGY, PTY., LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:06-CV-450 (TJW) |
| AUSTIN POWDER COMPANY | § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Austin Powder Company's ("Austin Powder") Motion to Dismiss or in the Alternative Transfer (#11). Austin Powder moves to dismiss this case for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative, Austin Powder requests that this action be transferred to the United States District Court for the Central District of California, pursuant to either the first-to-file rule or for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). After carefully considering the parties' written submissions, the defendant's motion to dismiss for improper venue is DENIED and the defendant's motion to transfer is GRANTED for the reasons set forth in this opinion. It is ordered that this case be transferred to the Central District of California.

**I.     Background**

Plaintiff Orica Explosives Technology, Pty., Ltd. ("Orica") has sued Austin Powder for infringement of U.S. Patent No. 4,986,183 (the "'183 Patent") entitled "Method and Apparatus for Calibration of Electronic Delay Detonation Circuits" and U.S. Patent No. 5,894,103 (the "'103 Patent") entitled "Detonator Circuit."

Orica is an Australian corporation with its principal place of business in Melbourne, Australia. Austin Powder is an Ohio corporation with its principal place of business in Cleveland, Ohio. Austin Powder has three employees lcoated in the Eastern District of Texas. One employee is the president of Austin Powder South Central Division located in Denton, Texas. The other two employees are based in Marshall, Texas. Austin Powder also rents two small office spaces in Marshall and maintains three type A portable magazines for storing materials and devices used for seismic blasting.

The plaintiff claims that the defendant's Electrostar system infringes the '183 Patent and the '103 Patent. The plaintiff does not claim that any other device, manufactured or sold by Austin Powder, infringes either the '183 Patent or the '103 Patent. According to the defendant, it has not manufactured, used, sold, or offered to sale the Electrostar system in the Eastern District of Texas.

## II. Discussion

### A. Motion to Dismiss Pursuant to 28 U.S.C. § 1406(a)

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ." 28 U.S.C. § 1400(b). In the case of corporate defendants, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." 28 U.S.C. § 1391(c).

In patent infringement actions, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194 (Fed. Cir. 2003). The existence of personal

jurisdiction over an out-of-state defendant involves two inquiries - (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Texas' long-arm statute extends to the limits of due process, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000), and, therefore, the two inquiries collapse into a single inquiry of whether the exercise of personal jurisdiction comports with due process. *See Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

There are two types of personal jurisdiction - specific and general. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Specific jurisdiction requires that the plaintiff's claim arises from or relates to the defendant's contacts with the forum. *Silent Drive*, 326 F.3d at 1200. General jurisdiction requires that the defendant's contacts with the forum be continuous and systematic even when the cause of action has no relation to those contacts. *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). Here, the defendant rents office space in Texas, has three employees located in Texas, and is registered to do business in Texas. *Cf. Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (finding no general jurisdiction where the defendant was never registered to do business in the state nor maintained an office in the state). Therefore, this Court has general jurisdiction over the defendant.[1]

The next inquiry is whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," i.e., whether it is reasonable under the circumstances of

---

[1] Because the Court has determined that general jurisdiction exists, it is not necessary to address the issue of specific jurisdiction.

the case. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The "reasonableness" analysis is guided by the following factors: (1) the burden that the exercise of jurisdiction will impose on the defendant, (2) the interests of the forum state in adjudicating the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Ind. Co., Ltd. v. Superior Ct. of Cal., Solano City*, 480 U.S. 102, 113-14 (1987). Here, the defendant does business in Texas and maintains offices and employees in Texas. It is consistent with traditional fairness considerations for this Court to exercise personal jurisdiction over Austin Powder, and, therefore, venue is proper. Accordingly, the defendant's motion to dismiss for improper venue is DENIED.

      **B.**     **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E. D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). The private factors are the

following: (1) the plaintiffs' choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000). The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*

### 1. Proper Venue

The plaintiff argues that the defendant has not shown that this case "might have been brought" in the Central District of California. The defendant, on the other hand, contends that the contracting and actual development for crucial parts of the Electrostar system took place in California. According to the defendant, this creates specific jurisdiction in California. The Court agrees with the defendant and finds that this case "might have been brought" in the Central District of California. The Court now turns to the transfer factors.

### 2. Private Factors

#### a. Plaintiff's Choice of Forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiff chose to bring its suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against

transfer.

### b. The Convenience of the Parties and the Witnesses

The Court will first assess the convenience of the parties. However, the convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002). The parties in this case reside in neither the Eastern District of Texas nor the Central District of California. The parties, therefore, would be inconvenienced regardless of whether the case is transferred.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

In its moving papers, the defendant claims that there are various non-party witnesses located in California that were involved in the design of the allegedly infringing product. Defendant's Motion to Dismiss or in the Alternative Transfer ("Defendant's Motion") at 27. The defendant, however, does not specifically identify any of these witnesses. The plaintiff, on the other hand, lists specific witnesses that are expected to testify in this case. Plaintiff's Sur-reply at 4. There are several non-party witnesses located in neither Texas or California. These witnesses will be required to travel regardless of transfer. However, for those witnesses located in California, it would be more convenient for this case to be transferred to California. In the Court's view, the convenience of the

witnesses weighs slightly in favor of transfer.

      c.  <u>The Place of the Alleged Wrong</u>

  The defendant has shown through affidavit that it has not manufactured, used, sold, or offered to sale the allegedly infringing product in the Eastern District of Texas.  Defendant's Motion at 11-12, 14, 18.  The defendant, however, acknowledges that some of the design and development of the allegedly infringing product occurred in the California.  *Id*. at 26.  Accordingly, this factor weighs in favor of transfer.

      d.  <u>The Cost of Obtaining the Attendance of Witnesses and the Availability of Compulsory Process</u>

  The parties have identified witnesses located across the country.  There are also party witnesses and expert witnesses located across the country who will be required to travel regardless of whether the case is in California or in Texas.  Therefore, the cost of obtaining the attendance of witnesses and the availability of the compulsory process is neutral as to transfer.

      e.  <u>The Availability and Location of Sources of Proof</u>

  Both parties are headquartered outside Texas and California.  It is likely that the sources of proof for all the parties are located in different states and countries.  They can, however, easily be sent to either Texas or California.  The Court finds that this factor is neutral as to transfer.

      f.  <u>The Possibility of Delay and Prejudice if Transfer is Granted</u>

  The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence."  *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  This is not a rare and exceptional case; therefore, this factor is neutral.

### 3. Public Interest Factors

#### a. The Administrative Difficulties Caused by Court Congestion

The defendant contends that the median time from filing to disposition of civil cases is 7.4 months in the Central District of California compared to 10.3 months in the Eastern District of Texas. The plaintiff, on the other hand, points out that the Eastern District of Texas has a five month shorter time between filing and trial compared to the Central District of California, and that the Eastern District of Texas has a lower percentage of cases more than three years old. These statistics, however, do not provide data for patent cases, which tend to have special rules and procedures. In the Court's view, this factor is neutral as to transfer.

#### b. The Local Interest in Adjudicating Local Disputes

The Electrostar was partially designed and developed in California. No activities related to the Electrostar have occurred in the Eastern District of Texas. Accordingly, the Court finds that this factor weighs in favor of transfer.

#### c. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The plaintiff alleges that the Electrostar system infringes its patents. None of the alleged infringing activity, however, occurred in Eastern District of Texas. Although the defendant has offices in the Eastern District of Texas, some of the activities related to the development of the Electrostar took place in California. The Court finds that this factor weighs in favor of transfer.

#### d. The avoidance of unnecessary problems in conflict of laws

Patent claims are governed by federal law. This Court and the Court in the Central District of California are both capable of applying patent law to infringement claims. Therefore, this factor

8

is neutral as to transfer.

### 4. Conclusion

The defendant has satisfied its burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case.[2]  Accordingly, the defendant's motion to transfer venue is GRANTED.

## III. Conclusion

The defendant's motion to dismiss is DENIED and the defendant's motion to transfer venue is GRANTED.  This case is hereby transferred to the Central District of California.

SIGNED this 13th day of April, 2007.

*T. John Ward*
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[2] It is not necessary to address the defendant's request to transfer pursuant to the first-to-file rule because the Court grants the motion to transfer pursuant to 28 U.S.C. § 1404(a).